**PARR WAREHOUSE COMPANY, a California corporation, formerly known as National Warehouse Company, Appellant,**

v.

**David Meade PEEBLES and Mary Crockett Peebles, Appellees.**

**No. 1528.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 8, 1954.

Decided Oct. 8, 1954.

David Carliner, Washington, D. C., for appellant.

David Meade Peebles and Mary Crockett Peebles, appellees, pro se.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On September 19, 1951, General Services Administration issued invitations for bids to provide warehouse space of one and one-quarter million square feet, with options for additional space, to be located within approximately fifteen miles from the zero milestone at Washington, D. C. Appellant was desirous of submitting bids and engaged a Chicago real estate broker, Mr. Tideman, to secure options on possible sites in nearby Virginia and Maryland. Appellees were the owners of two tracts of land in Maryland, one of 101 acres called the Landover site and the other of 97 acres called the Ardwick site. Mr. Tideman engaged a Baltimore real estate broker, Mr. Waterbury, to see appellees with reference to obtaining an option on their two sites. As the result appellees met with Mr. Parr, chairman of appellant's board, Mr. Tideman and Mr. Waterbury at Washington on October 10. On that day appellees executed a lease of their two properties to appellant for a period of one year at a rental of $1,500 a month, with an option to purchase one or the other of the properties, but not both, at specified amounts. The lease gave appellant the right to cancel it on five days' notice prior to any monthly period. On October 11 appellant submitted

5. D.C.Code 1951, § 11–772.

bids to General Services Administration on several locations, including the properties of appellees. Eventually a Virginia site was selected for the warehouse. On December 3 appellant notified appellees that the lease was rescinded and demanded return of $1,500 paid for the first month's rent. The demand was refused and appellant brought this action for $1,500. Appellees answered and counterclaimed for $1,500 for the month's rent due November 10. Trial by the court resulted in judgment against appellant on its claim and for appellees on their counterclaim.

Appellant's action was brought on the theory that it was induced to enter the lease by the misrepresentation of appellees as to the zoning of their properties and by appellees' failure to disclose a proposed highway through one of their properties. At trial the claim of misrepresentation as to zoning was abandoned and the case was tried on the alleged concealment of the proposed highway. It was shown by the evidence that in 1948 appellees had sought certain zoning of the Landover tract and as a condition had agreed to dedicate a strip 80 feet wide through the tract for the proposed extension of Minnesota Avenue; and the requested zoning had been approved on such condition. At the time of the making of the lease the proposed extension of Minnesota Avenue was shown on official highway plans as intersecting the Landover tract though the exact location of the highway was subject to change.[1]

Appellant's contention was that appellees knew of the proposed highway but did not disclose it, and that appellant would not have leased the land if it had known of the proposed highway. The trial court found as a fact that appellees made no misrepresentation and concealed no material fact concerning the extension of the proposed highway which induced appellant to enter into the lease. Appellant contends this finding is not supported by the evidence.

The testimony concerning the disclosure or nondisclosure of the proposed highway was rather vague on both sides. For appellant, Mr. Parr, who apparently talked with appellees only on the occasion the lease was signed, testified that the first information he had regarding the highway came from Mr. Tideman after the lease was signed. Mr. Waterbury testified that he did not recall hearing anything about the highway until Tideman wrote him a couple of days after the lease was signed, but he admitted his recollection could be "hazy." Tideman, who appears to have been the principal negotiator for appellant, did not testify at trial, but gave testimony through interrogatories submitted by appellant. In his answers he inferentially, but not specifically, stated he did not know of the proposed highway prior to the execution of the lease in Washington on October 10, but he did not explain how he acquired knowledge of it so quickly after the lease was signed as to cause him to write to Mr. Waterbury from Chicago on October 12 that he was "worried" about the possible extension of Minnesota Avenue through appellees' property. Furthermore, the record indicates that this witness refused to answer the cross-interrogatories of appellees. Opposed to appellant's testimony was that of appellee Mr. Peebles, who testified that he believed he told Waterbury of his agreement to dedicate the land for Minnesota Avenue and showed him a map indicating the proposed extension; that he could not swear that he did so but it was his recollection he told Mr. Waterbury that there had been a proposal to run Minnesota Avenue through the property but nothing had been done about it; and that he believed he told Mr. Parr, Mr. Tideman and Mr. Waterbury that the highway was proposed through his property.

On the basis of the foregoing we cannot say that the finding of the trial court is without evidence to support it.

Affirmed.

1. It appears that since that time the highway plans have been changed so that proposed Minnesota Avenue does not pass through appellees' property.